UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



*****************************************************************

| | | |
|---|---|---|
| AMERICAN SEEDS, LLC, | * | CIV 10-1012 |
| a limited Liability Co., | * | |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| v. | * | DENYING MOTION TO QUASH |
| | * | AND |
| WILLIAM H. WATSON, | * | ORDER FOR FEES |
| | * | |
| Defendant. | * | |

*****************************************************************

Plaintiff served a subpoena on August 24, 2010, upon American Bank & Trust of Huron, South Dakota ("American Bank"), to produce all their records in the name of Watson Seeds, William H. Watson, and William H. Watson d/b/a Watson Seeds from June 1, 2008, to the present. The production was to occur on September 3, 2010. American Bank did not comply with or object to the subpoena until September 7, 2010, when it filed a motion to quash the subpoena.

"On timely motion, a district court shall quash or modify a subpoena if the subpoena fails to allow reasonable time for compliance, requires a witness who is not a party to travel more than 100 miles, requires disclosure of privileged or protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii)." Pointer v. DART, 417 F.3d 819, 822 (8th Cir. 2005). The motion here is not timely. Pursuant to Fed. R. Civ. P. 45(c)(2)(B), a party objecting to compliance with a subpoena must do so "before the earlier of the time specified for compliance or 14 days after the subpoena is served." No objection was interposed prior to the date for compliance. The motion to quash was filed on the fourteenth day after the subpoena was served. The rule required the objection in this case to be filed on or before the date for compliance, September 3, 2010.

American Bank contends that the subpoena is "vague, overbroad, oppressive and burdensome." American Bank does not set forth in any detail how the request to produce

documents is vague, overbroad, or burdensome. American Bank does contend that the request is burdensome in that expenses in terms of employee time, photocopy expenses, and legal fees may exceed $1,000. Plaintiff concurrent with the service of the subpoena offered to pay the reasonable costs of reproduction and did also pay the witness fee. No party issuing a subpoena would be required to pay attorney fees in conjunction with the subpoenaed person's compliance with the subpoena. The objection to compliance with the subpoena based upon a claim of undue burden is frivolous.

American Bank contends that the subpoena is unreasonably cumulative in violation of Fed. R. Civ. P. 26(b)(2)(C)(i). That rule requires the court to limit the extent of discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." American Bank suggests that plaintiff obtain the requested documents from the defendant himself. That suggestion is frivolous. Bank records are normally obtained from the bank, especially in a case where the defendant is accused of significant fraud. Whether the records are produced in response to a request from the plaintiff or from the defendant (so that he can forward them to plaintiff pursuant to a request), the cost and time incurred by American Bank to comply would be the same.

Plaintiff has moved for an award of fees and costs for responding to the motion to quash the subpoena. Rule 45 allows for an award of fees to one seeking to quash a subpoena. American Bank moved for an award of fees in connection with its motion to quash but has not prevailed on its motion. Rule 45 does not specifically authorize an award of fees to one defending a motion to quash. However, Fed. R. Crim. P. 45(e) authorizes the Court to hold in contempt any person who fails, without adequate excuse, to obey a subpoena.

> A district court has authority under its inherent power to assess attorney's fees against a party which has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. This inherent power is similar to the court's other powers to impose sanctions, but it is both broader in that it may reach more litigation abuses and narrower in that it may only be for attorney's fees.

United States v. Gonzalez-Lopez, 403 F.3d 558, 564 (8th Cir. 2005) (internal citations omitted).

2

This Court has inherent authority to impose sanctions that are necessary to deter frivolous filings against and ensure compliance with subpoenas issued in the Court's name. American Bank, rather than timely objecting to a subpoena, failed to comply with the subpoena and instead filed a late frivolous motion to quash. American Bank has not set forth any credible reason for refusal to provide one customer's bank records for a mere two year period of time. The motion to quash and seeking costs should be denied. Reasonable attorney fees should be awarded to plaintiff.

Now, therefore,

IT IS ORDERED:

1. American Bank's motion, Doc. 12, to quash subpoena and for fees and costs is denied.

2. American Seeds' motion, Doc. 17, for fees is granted. As a sanction for its failure to comply with a subpoena and filing a frivolous motion to quash, American Bank shall pay American Seed's reasonable attorney's fees in the amount of $1,000.00 associated with responding to the motion to quash.

3. The stipulated motion, Doc. 20, to extend time to file a reply is denied as moot. We have spent quite enough time already.

Dated this 27th day of September, 2010.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY *Barbara Pagels*
DEPUTY
(SEAL)

3